399 A.2d 1061

COMMONWEALTH of Pennsylvania

v.

William J. KELLY, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 13, 1978.

Decided March 14, 1979.

Rehearing Denied April 13, 1979.

Alfonso Tumini, Armando A. Pandola, Philadelphia, for appellant.

Bernard L. Siegel, Deputy Dist. Atty., Erie, for appellee.

528

Before O'BRIEN, ROBERTS, POMEROY, NIX, MAN-
DERINO and LARSEN, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

In August 1975, appellant was convicted by a jury of one
count of obstructing the administration of the law, 18 Pa.C.
S.A. § 5101, three counts of perjury, 18 Pa.C.S.A. § 4902, and
one count of bribery, 18 Pa.C.S.A. § 4701. Post-trial motions
were denied and appellant was sentenced to three to twenty
months in prison on the three perjury counts. Sentence was
suspended on all other counts. On appeal the Superior
Court affirmed. 245 Pa.Super. 351, 369 A.2d 438 (1976).
After review of the record and consideration of appellant's
contentions, we find no basis for disturbing the order of the
Superior Court and we affirm.*

Only one issue merits comment. The trial court in this
case placed notations on the verdict slip seeking to identify
for the jury the separate counts charged. We are satisfied
that sending out with the jury a verdict slip with identifying
notations is not prohibited by Rule 1114, Pa.R.Crim.P.
Here, where there were numerous separate and distinct
charges against appellant, we find no abuse of the trial
court's discretion in concluding that there was a need for the
identifying notations. The notations themselves, while not
ideally drawn, were nevertheless in essence neutral and

* Appellant has argued that (1) he was entitled to complete transcripts
of the grand jury testimony of prosecution witnesses and that the
trial court erred in deleting those portions which it deemed not
relevant to the charge against appellant; (2) hearsay statements of
an unindicted co-conspirator should not have been admitted into
evidence; (3) giving to the jury a verdict slip containing notations
descriptive of each count was prejudicial error; (4) appellant's grand
jury testimony was coerced and therefore should not have been
admitted at trial; (5) appellant should have been charged under 18
Pa.C.S.A. § 5301 rather than 18 Pa.C.S.A. § 5101; (6) certain records
were not properly qualified and hence should not have been admit-
ted; (7) the trial judge's charge and his conduct during trial were
prejudicial; and (8) the evidence against the appellant was insuffi-
cient.

viewed in the context of the court's instructions not suggestive or prejudicial.

Unlike *Commonwealth v. Baker,* 466 Pa. 382, 353 A.2d 406 (1976), the language on the verdict slip here is not a condensed and potentially misleading statement of the court's instructions. On its face the verdict slip left to the jury the decision whether defendant was guilty or not guilty. That the notations referred incidentally to some aspect of the Commonwealth's evidence does not in and of itself require reversal in the circumstances of this case.

Nonetheless, it is not inappropriate to observe as a general prudential principle that identifying notations which are not completely neutral create a potential for prejudice. It is therefore desirable for trial courts in the exercise of their discretion: (1) to determine after consultation with counsel whether, due to the complexity of the charges and the nature of the trial, there is a clear need for identifying notations on a verdict slip to avoid confusion by the jury concerning the issues before it; and (2) if such a clear need appears, to determine, after conferring with counsel, the text which best preserves the impartiality of the verdict slip. We are satisfied that trial courts together with counsel can achieve that result.

The judgment of the Superior Court is affirmed.

MANDERINO, J., filed a dissenting opinion.

EAGEN, C. J., did not participate in the consideration or decision of this case.

POMEROY, former J., did not participate in the decision of this case.

MANDERINO, Justice, dissenting.

I dissent. Rule 1114 of our Rules of Criminal Procedure specifies that "[u]pon retiring [to] deliberations, the jury

shall not be permitted to have a transcript of any trial testimony, nor a copy of any written confession by the defendant, nor a copy of the information and indictment. Otherwise, upon retiring, the jury may take with it such *exhibits* as the trial judge deems proper." (emphasis added). Appellant argues here, as he did before the Superior Court, that the trial court erred in allowing the jury to take with it certain "verdict slips" on which the jury was to record its verdict as to each count against appellant, and on which a limited recitation of the facts forming the basis for each count was typed at the trial judge's direction. These "verdict slips" contained the following description of each count:

"2381 . . Obstructing Administration of Law or Other Governmental Functions
September 27, 1973
Arrest of Andy Marino (Sgt. Andrew Morrese) Chippy's Bar.

2382 . . Perjury:

FIRST COUNT:

Testimony of Defendant before Special Investigating Grand Jury on December 20, 1974 Regarding Truth of Statement in Oath Before Judge Melton to Secure Warrant:

SECOND COUNT:

Testimony of Defendant Before Special Investigating Grand Jury on December 20, 1974 Regarding Speaking to Narcise Prior to Raid on September 27, 1973.

2383 . . PERJURY

Oath of Defendant Before Judge Melton on September 27, 1973 that He Did conduct a Surveillance of Chippy's Bar on September 25, 1973 between the hours of 12:15 P.M. and 1:00 P.M.

#2384 . . BRIBERY IN OFFICIAL AND POLITICAL MATTERS:

FIRST COUNT

Receipt of $20.00 from Narcise on or about July 30, 1973.

SECOND COUNT

Receipt of $20.00 from Narcise on or about Sept. 7, 1973.

THIRD COUNT

Receipt of $20.00 from Narcise on or about Sept. 18, 1973.

FOURTH COUNT

Receipt of $50.00 from Narcise on or about Oct. 3, 1973.

The brief factual descriptions accompanying each count do not fall squarely within those items specifically prohibited by Rule 1114—namely, a transcript of trial testimony, a copy

of a written confession or a copy of the information or indictment—nor are they "exhibits" such as may be permitted by the Rule. Nevertheless, the danger presented by allowing the jury to take those prohibited items with it during deliberations is equally present here. The prohibition ". . . are designed to ensure that the jury does not give undue weight to those written materials before them." *Com. v. Baker,* 466 Pa. 382, 400, 353 A.2d 406, 415 (1976) (dissenting opinion of Roberts, J.).

Mr. Justice Roberts words of dissent in *Com. v. Baker,* supra are equally applicable here.

"The court's procedure in this case could only encourage the jury to ignore the court's general instructions and to reach a verdict without a complete analysis of the issues involved.

.     .     .     .     .

This could have created an impression with the jury that the court considered such definitions unimportant and is similar to an instruction to consider only part of the evidence. Moreover, the jury might have also structured its entire deliberation solely around answering these questions, thus short-circuiting full consideration of all the evidence and the general instructions. These dangers jeopardized defendant's right to a fair trial."

Id., 466 Pa. at 402, 353 A.2d at 416.

Similarly, by including a brief description of some of the evidence associated with each count, the court in the instant case may have encouraged the jury to conclude that other evidence was considered unimportant by the court, and that the listed "facts" were the only ones that needed to be considered by the jury. Additionally, these cryptic summaries may have caused the jury to believe that the listed "facts" has been proven by the prosecution. "These dangers jeopardized [appellant's] right to a fair trial." Id., 466 Pa. at 402, 353 A.2d at 416. I therefore dissent.