568 A.2d 1238

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Victor OLEYNIK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 28, 1989.

Decided Jan. 31, 1990.

42

Gary A. Fabian (court-appointed), Meadville, for appellant.

John M. Dawson, Dist. Atty., Douglas W. Ferguson, Asst. Dist. Atty., Meadville, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

NIX, Chief Justice.

This is an appeal from the order of the Superior Court, 376 Pa.Super. 641, 541 A.2d 792, which affirmed the judgment of sentence imposed by the Court of Common Pleas of Crawford County. The judgment of sentence was entered

after a jury found the appellant guilty of involuntary manslaughter and aggravated assault. The issue of error involved here is based solely on the use of written instructions by the court. The appellant raised three additional claims of error which were not considered due to our resolution of the initial matter.[1]

The facts of this case are that on July 21, 1984, appellant's wife died as a result of a beating inflicted upon her by appellant on July 4, 1984. The cause of death was listed as liver failure, which was a direct result of the assault. Before the jury retired to deliberate, the trial judge gave oral instructions on the legal issues involved. Over the objections of appellant's trial counsel, the trial judge also sent with the jury written instructions pertaining to legal causation and the definitions of third degree murder and involuntary manslaughter. The jury returned a verdict of guilty on both the involuntary manslaughter and aggravated assault charges. Both parties stipulated to the merger of the charges for sentencing purposes and the appellant was sentenced to serve not less than three years nor more than ten years imprisonment.

Appellant's appeal to the Superior Court was dismissed for failure of defense counsel to file a brief. Thereafter, the appellant filed a *pro se* Post–Conviction Hearing Act Petition through which the appellant was granted the right to file post-trial motions *nunc pro tunc*. Appellant's post-trial motions for new trial and arrest of judgment were denied after argument. The appellant then filed a second appeal with the Superior Court and the judgment of the Court of Common Pleas of Crawford County was affirmed in a memorandum opinion. In that opinion the Superior Court stated, "The trial court has authority to send out written instructions, absent an abuse of discretion." No. 1088 Pittsburgh 1987, slip op. at 6 (Superior Court February 1, 1988). The Superior Court also stated, in reference to

---

1. The other claims of error raised by this appellant include failure of the Commonwealth to establish the cause of death; conflict of interest affecting one of his court-appointed trial counsel; and violation of the trial court's sequestration order.

this Court's opinion in *Commonwealth v. Baker,* 466 Pa. 382, 353 A.2d 406 (1976):

> In *Baker,* the Pennsylvania Supreme Court found no abuse of discretion by the trial court there in its giving a written set of [partial written instructions] ... to the jury. It suggested in dicta, however, that "in the future this practice should not be followed."

Slip op. at 6.

Here appellant contends the trial court erred by issuing written instructions to the jury. He asserts the submission of written instructions to the jury constituted an error of law. Appellant further contends submission of written instructions that were not comprehensive but contained only portions of the oral instructions was prejudicial and requires a new trial.

The Commonwealth maintains that the trial judge, through case law and Rule 1114 of the Pennsylvania Rules of Criminal Procedure,[2] is granted broad discretion to determine what is appropriate to submit to a jury during their deliberations. Further, the Commonwealth relies on the cautionary statement given by the judge to cure any possible prejudice caused by the submission of the written instructions. The trial judge stated:

> Please remember that all of the instructions I have given you are important. And the mere fact that I am sending three definitions, so to speak, out with you in writing does not make those definitions or those parts of my instructions any more important than any other part. They are all important to you.

2. Pa.R.Crim.P. 1114. Material Permitted in Possession of the Jury
   Upon retiring for deliberations, the jury shall not be permitted to have a transcript of any trial testimony, nor a copy of any written confession by the defendant, nor a copy of the information or indictment. Otherwise, upon retiring, *the jury may take with it such exhibits as the trial judge deems proper.* (Emphasis added.)
   Adopted Jan. 24, 1968, effective Aug. 1, 1968. Amended June 28, 1974, effective Sept. 1, 1974.
   It is clear the Commonwealth's reliance upon Rule 1114 is unwarranted. That rule is concerned with what trial "exhibits" are taken with the jury during deliberations.

(N.T. 276–277)

The case law of this Commonwealth demonstrates a strong preference for prohibiting the trial judge from submitting written instructions to the jury. In *Commonwealth v. Baker, supra,* this Court first addressed the issue of written jury instructions. In the plurality opinion, this author stated,

> Despite the above-mentioned precedent, we believe the inherent dangers outweigh the possible benefit to be derived therefrom. Accordingly, *we hold* that while there was no abuse of discretion by the trial court in the instant case, *we suggest in the future that this practice should not be followed.* (Emphasis added.)
>
> *Id.* at 397–398, 353 A.2d at 414.

In a dissenting opinion, Mr. Justice Roberts stated, "The majority's mere 'suggestion' to abandon this practice in the future is an inadequate disposition. The only proper disposition of this case is to hold that the trial court abused its discretion and to award appellant a new trial." *Id.,* 466 Pa. at 402, 353 A.2d at 416. Mr. Justice Pomeroy also stated in a dissenting opinion, "The Court's opinion recognizes that 'the inherent dangers [of the device here employed] outweigh the possible benefits to be derived therefrom.' (Citation omitted.) That being so, I see no alternative to awarding a new trial...." *Id.,* 466 Pa. at 404, 353 A.2d at 417. It is interesting to note that both of the dissenters in that case agreed with the plurality's conclusion that written instructions were improper but disagreed with the plurality's conclusion that a new trial was not necessary under those circumstances.

Members of this Court have continued to articulate a preference for oral instructions. In *Commonwealth v. Kelly,* 484 Pa. 527, 399 A.2d 1061 (1979), the Court, in holding that the trial court did not abuse its discretion, distinguished between the use of written jury instructions and neutral notations on the verdict slip. Mr. Justice Manderino, in a dissenting opinion, reemphasized the need for oral instructions by stating, "The court's procedure in this case could only encourage the jury to ignore the court's

general instructions and to reach a verdict without a complete analysis of the issues involved." (*Citing Justice* Roberts' dissenting opinion in *Baker.*) *Id.* 484 Pa. at 531, 399 A.2d at 1063.

In *Commonwealth v. Morales*, 508 Pa. 51, 494 A.2d 367 (1985), the majority restated the language of *Baker* but distinguished the case since the written list of aggravating and mitigating circumstances in that case was used for sentencing purposes only. The majority stated:

> While we have expressed, and continue to express, a preference for oral instructions to the jury we find neither abuse of discretion nor possibility of prejudice to appellant from the court's use of the neutral, unambiguous and complete list of aggravating and mitigating circumstances.

*Id.* at 71, 494 A.2d at 378.

■ Here we again embrace the rationale set forth in *Baker* and now hold that the possible prejudice to a defendant from written instructions to a jury outweighs any benefit such instructions might provide.

■ The cautionary statement made by the trial judge regarding the weight to be afforded the written instructions was wholly inadequate to cure any possible prejudice. The likelihood that a jury would assess undue weight to the points of law in written instructions and possibly misinterpret or misapply that law offered in a written statement was the basis for insisting on oral instructions.

Where a jury is permitted to take with them written instructions during their deliberations, a question may arise as to the appropriate application of the written instruction when resolving an issue in the cause. In such a case, it is highly probable the jury would resort to its interpretation of the written instructions in reaching its verdict. Where the jury is required to rely upon the oral instructions given by the judge in his charge, if disagreement arises concerning the oral instructions, it is more likely that the jury would seek further instructions from the judge to resolve

the question. When an issue is resolved by further instructions from the court, that procedure insures that misconceptions are not permitted to infect the deliberative process. On the other hand, when a jury is left to its own devices to interpret a written instruction, the possibility of a misconception is significantly enhanced. Moreover, the submission of written instructions would tend to encourage the jury to ignore the court's general instruction and focus upon the written instructions supplied to them. This undue emphasis on portions of the charge has the potential of undermining the integrity of the deliberative process.[3]

Accordingly, the order of the Superior Court is reversed and the matter is remanded for a new trial.

McDERMOTT, J., concurs in the result.

---

**3.** This Court recognizes that other jurisdictions have addressed this same issue with varying alternative resolutions, including permitting written instructions only when requested by both parties; allowing summary of oral instructions; and requiring that a judge read the written instructions to the jury prior to deliberation. For a full discussion on the issue of written jury instructions, see, Annot., 91 ALR 3d 382.