J-S21002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON VAUGHN HENDERSON | |
| Appellant | No. 15 WDA 2016 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014877-2010

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 18, 2017**

Aaron Vaughn Henderson appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"). After review, we affirm based on the opinion authored by the Honorable Anthony M. Mariani.

On February 29, 2012, the trial court sentenced Henderson to life imprisonment after a jury convicted him of criminal homicide, 18 Pa.C.S.A. § 2501(a), and recklessly endangering another person, 18 Pa.C.S.A. § 2705. Henderson filed a direct appeal to this Court on March 23, 2012, which affirmed his judgment of sentence on December 24, 2013.

_____

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Henderson*, 93 A.3d 519 (Pa. Super. 2012) (unpublished memorandum). On February 24, 2014, this Court denied Henderson's application for reargument en banc. On March 26, 2014, Henderson filed a petition for allowance of appeal, which our Supreme Court denied on July 7, 2014. *Commonwealth v. Henderson*, 95 A.3d 276 (Pa. 2014).

Henderson filed a timely PCRA petition on July 6, 2015. On November 6, 2015, after having received an answer to the petition from the Commonwealth, the PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907(a). On November 24, 2015, Henderson filed a reply to the notice to dismiss the petition without a hearing.[1] Following review of Henderson's reply, the PCRA court dismissed the petition.

Henderson filed a timely notice of appeal on January 4, 2016, and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of

---

[1] Henderson's reply to the PCRA court's Rule 907 notice of intent to dismiss included an affidavit from his trial counsel, James A. Wymard, wherein Wymard stated "[h]ad I been aware of the *allocator* grant in [*Commonwealth v. Walker*, 92 A.3d 766 (Pa. 2014) ], [], I would have retained an expert and called that expert at trial." Affidavit of James A. Wymard, Esq., 11/23/15. In dismissing the petition, Judge Mariani noted that "[t]hough trial counsel has submitted an affidavit explaining that he had no reasonable basis for failing to call an expert witness on identification, this [c]ourt notes [Henderson's] trial was held between November 30, 2011 and December 2, 2011. Pennsylvania law at that time absolutely barred expert identification testimony. Trial counsel would not have been permitted to call an expert on identification at that time." PCRA Court Opinion, 6/22/16, at 3.

on appeal. On June 22, 2016, the PCRA court issued its Rule 1925(a) opinion.

> On appeal, Henderson raises the following issue for our review:
>
> Did the [PCRA] court err when it denied without a hearing [Henderson's] PCRA petition, which included the meritorious claim that [counsel] was ineffective for failing to call an expert witness on the topic of eyewitness identification?

Brief of Appellant, at 4.

In his petition, Henderson claims that trial counsel rendered ineffective assistance of counsel when he failed to call an eyewitness identification expert to testify.[2] In his Rule 1925(a) opinion, Judge Mariani applies the

_____

[2] We note Henderson raises only one issue in his PCRA petition: "Did the [PCRA] court err when it denied without a hearing . . . [Henderson's] claim that counsel was ineffective for failing to call an expert witness on the topic of eyewitness identification?" Not before us, nor do we comment upon, is whether counsel was ineffective for failing to preserve an issue in Henderson's case that, at the time of his trial, was pending before our Supreme Court on petition for allowance of appeal. The trial court considered the issue before it and cogently discussed the fact that even if counsel had attempted to introduce the testimony of an eyewitness identification expert, it would not have been admissible at the time of Henderson's trial. **_See Commonwealth v. Abdul-Salaam_**, 678 A.2d 342 (Pa. 1996) (eyewitness identification expert testimony *per se* inadmissible). If counsel is not ineffective for failing to introduce such testimony, it defies logic to credit that we could find counsel ineffective for failing to preserve the same issue for appeal. **_See, e.g., Commonwealth v. Todaro_**, 701 A.2d 1343 (Pa. 1997) (citing **_Commonwealth v. Dunbar_**, 470 A.2d 74, 77 (Pa. 1983) (it is well established that the effectiveness of counsel is examined under the standards existing at the time of performance rather than at the point when an ineffectiveness claim is made). It is true that if Henderson raised said issue on direct appeal and said direct appeal had been pending at the time our Supreme Court decided **_Walker_**, **_supra_** (admissibility of eyewitness identification expert testimony subject to discretionary review of trial court), Henderson would be entitled to benefit
*(Footnote Continued Next Page)*

appropriate standard for reviewing challenges to the effectiveness of trial

counsel, citing **Strickland v. Washington**, 466 U.S. 668 (1984) and

**Commonwealth v. Dennis**, 17 A.2d 297 (Pa. Super. 2011). Judge Mariani

notes that Pennsylvania law,[3] at the time of Henderson's trial, barred expert

_(Footnote Continued)_ ———————

from the decision.  It is also true that even if the direct appeal had been pending and even if it had announced the issue decided by **Walker**, if such an appeal were concluded before **Walker** was decided, Henderson would not be entitled to relief.  It is not appropriate to determine if defense counsel was ineffective by reviewing the matter applying hindsight or the application of post hoc reasoning.  Nor is counsel charged with being prescient.  **Cf. Commonwealth v. Rivera**, 154 A.3d 370 (Pa. Super. 2017) (en banc) (plea counsel was ineffective for failing to consult with defendant regarding whether he wished to appeal the non-frivolous issue concerning the legality of his negotiated sentence, not for failing to anticipate a change in the law).

[3] **See Abdul-Salaam**, 678 A.2d at 351, _limited by_ **Walker**, 92 A.3d 766 (expert testimony concerning reliability of eyewitness identification not _per se_ impermissible but instead subject to discretionary review of trial court). We note that the decision in **Walker** is prospective, not retroactive. **Walker**, 92 A.3d at 793 ("[W]e hold that the admission of expert testimony regarding eyewitness identification is **no longer** _per se_ impermissible in our Commonwealth.") (emphasis added).  Thus, Henderson is not entitled to collateral relief in the form of a new trial.  Our Supreme Court addressed the issue of retroactive application of new law in **Commonwealth v. Rainey**:

> Under Pennsylvania law at the time of Appellant's trial, courts were prohibited from instructing juries on the possibility of parole. **See Commonwealth v. Hughes**, 865 A.2d 761, 810 (Pa. 2004); **Commonwealth v. Henry**, 569 A.2d 929, 941 (Pa. 1990) (stating that parole, pardon, and commutation should not enter into capital jury deliberations). It was not until 1994, three years after Appellant's trial, that the United States Supreme Court decided **Simmons v. South Carolina**, 512 U.S. 154 (1994), and held that in certain circumstances juries should be instructed whether life sentences include the possibility of parole.  Both the United States Supreme Court and this Court have held that **Simmons** announced a new rule of law that does

_(Footnote Continued Next Page)_

- 4 -

identification testimony. The trial court would have been constrained to deny any attempt to submit such evidence to the jury.  As this Court cannot deem counsel ineffective for failing to assert a meritless claim, Henderson's claim fails.  ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa. Super. 2008).

After careful review of the parties' briefs, the record and the relevant law, we agree with Judge Mariani's analysis and affirm on the basis of his opinion.  We instruct the parties to attach a copy of Judge Mariani's decision in the event of further proceedings.

Order affirmed.

Judge Dubow joins this Memorandum.

Judge Strassburger files a Dissenting Memorandum.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

not apply retroactively. ***See O'Dell v. Netherland***, 521 U.S. 151 (1997) (holding that ***Simmons*** announced a new rule of law for which [habeas corpus] relief is not available retroactively); ***Commonwealth v. Duffey***, 889 A.2d 56, 71 (Pa. 2005). Because counsel cannot be deemed ineffective for failing to predict a change in the law, the failure to request an instruction in this case does not constitute grounds for relief. ***Hughes***, 865 A.2d at 810; ***Commonwealth v. Christy***, 656 A.2d 877, 889 (1995).

***Commonwealth v. Rainey***, 928 A.2d 215, 242 (Pa. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2017

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      )
                                  )
    vs.                           )  CC No. 201014877
                                  )
AARON HENDERSON,                  )
                                  )
    Defendant.                    )
                                  )

**OPINION**

Mariani, J.

This is a direct appeal wherein the petitioner appeals the denial of his petition

pursuant to the Post-Conviction Relief Act.   After a jury trial, the petitioner was found

guilty of Criminal Homicide, Recklessly Endangering Another Person and Violation of

the Uniform Firearms Act.   This Court sentenced the petitioner to a term of life

imprisonment and petitioner filed a timely appeal.  On December 24, 2013, the Superior

Court, at 533 WDA 2012, affirmed the judgment of sentence.   On July 7, 2014,

Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal.

Petitioner filed a petition pursuant to the Post-Conviction Relief Act claiming trial

counsel rendered ineffective assistance of counsel during the trial because he did not

present an expert witness on the topic of eyewitness identification.  This Court ultimately

denied the petition on the basis trial counsel could not have rendered ineffective

assistance of counsel on the basis proffered by petitioner because expert eyewitness

identification testimony was not admissible in Pennsylvania at the time of trial.  It was

not until May 8, 2014 that the Supreme Court reversed prior law barring expert testimony

on the issue of identification at trial in Commonwealth v. Walker, 92 A.3d 766, 793 (Pa. 2014).   In Walker, the Pennsylvania Supreme Court specifically and unequivocally stated "[t]hus, we hold that the admission of expert testimony regarding eyewitness identification is **no longer** *per se* impermissible in our Commonwealth, and join the majority of jurisdictions which leave the admissibility of such expert testimony to the discretion of the trial court (emphasis supplied)."

It is well established that counsel is presumed effective and the petitioner bears the burden of proving ineffectiveness. Commonwealth v. Cooper, 596 Pa. 119, 941 A.2d 655, 664 (Pa. 2007). Under the federal constitution, to obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).   As set forth in Commonwealth v. Dennis, 17 A.2d 297, 301 (Pa.Super. 2011),

> [i]n our Commonwealth, we have rearticulated the Strickland Court's performance and prejudice inquiry as a three-prong test.   Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203, 213 (Pa. 2001).

The standard remains the same for claims under Pennsylvania and federal law.  A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs. Id. at 221-222. Moreover, the credibility determinations of a trial court hearing a

2

PCRA petition are binding on higher courts where the record supports such credibility assessments. Commonwealth v. R. Johnson, 600 Pa. 329, 356-57, 966 A.2d 523, 539 (2009).

The threshold inquiry in a claim of ineffective assistance of counsel is whether the issue/argument/tactic which counsel has forgone and which forms the basis for the assertion of ineffectiveness is of arguable merit. Commonwealth v. Ingram, 404 Pa. Super. 560, 591 A.2d 734 (Pa.Super. 1991). Counsel cannot be considered ineffective for failing to assert a meritless claim. Commonwealth v. Tanner, 600 A.2d 201 (Pa.Super. 1991).

In this case, trial counsel did not render ineffective assistance of counsel at the time of trial because any claim that trial counsel should have presented expert identification testimony at the time of trial is meritless. Even had trial counsel attempted to admit expert testimony concerning identification, this Court would have been constrained to deny those attempts because such evidence was not admissible. Though trial counsel has submitted an affidavit explaining that he had no reasonable basis for failing to call an expert witness on identification, this Court notes Petitioner's trial occurred between November 30, 2011 and December 2, 2011. Pennsylvania law at that time absolutely barred expert identification testimony. Trial counsel would not have been permitted to call an expert witness on identification at that time. It was not until May 8, 2014 that the Supreme Court altered the state of the law. Trial counsel was not

3

even representing petitioner at that time. Therefore, trial counsel could not have been ineffective for pursuing a meritless strategy.

For the foregoing reasons, this Court's denial of the post-conviction should be affirmed.

By the Court:

Date: JUNE 22, 2016

_____ J.

4