NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-9004 & 06-9005
_____

SAHARRIS ROLLINS,

Appellant in No. 06-9005

v.

MARTIN HORN, Commissioner, Pennsylvania Department of Corrections; CONNER
BLAINE, JR., Superintendent of the State Correctional Institution at Greene; JOSEPH P.
MAZURKIEWICZ, Superintendent of the State Correctional Institution at Rockview,

Appellants in No. 05-9004

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. No. 00-1288)
District Judge:  Honorable J. Curtis Joyner

_____

Argued June 15, 2010

Before:  BARRY, GREENBERG, AND COWEN, Circuit Judges

(Opinion filed: July 7, 2010)

_____

Thomas W. Dolgenos, Esq. (Argued)
Helen T. Kane, Esq.
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107

Counsel for Appellants/Cross-Appellees Martin Horn, Conner Blaine, and Joseph
Mazurkiewicz

Matthew C. Lawry, Esq. (Argued)
Billy H. Nolas, Esq.
Defender Association of Philadelphia
Federal Capital Habeas Corpus Unit
The Curtis Center, Suite 545 West
Independence Square West
Philadelphia, PA 19106

Edward M. Dunham, Jr., Esq.
Duane Morris
30 South 17th Street
United Plaza
Philadelphia, PA 19103

Counsel for Appellee/Cross-Appellant Saharris Rollins

_____

OPINION

_____

PER CURIAM

In this appeal and cross-appeal in a capital case, the Commonwealth of

Pennsylvania and Saharris Rollins ask us to review the District Court's partial grant of

Rollins' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We will

affirm the judgment of the District Court.

On March 5, 1987, Rollins was convicted by a jury in the Court of Common Pleas

of Philadelphia County of first degree murder and related offenses.[1] The next day,

_____

[1] The District Court's opinion provides a comprehensive account of the underlying
crime and the procedural history. See Rollins v. Horn, 2005 WL 1806504, at *1 (E.D. Pa.
July 26, 2005).

2

following a separate penalty hearing, the jury found that two aggravating circumstances outweighed one mitigating circumstance. The Court of Common Pleas denied Rollins' post-verdict motions and sentenced him to death for the first degree murder conviction. Rollins' post-trial motions were denied. On direct appeal, the Pennsylvania Supreme Court affirmed Rollins' conviction and sentence. See Commonwealth v. Rollins, 580 A.2d 744, 745 (Pa. 1990). The Pennsylvania Supreme Court also rejected the claims raised in Rollins' Post Conviction Relief Act ("PCRA") petition. See Commonwealth v. Rollins, 738 A.2d 435 (Pa. 1999).

In March 2000, Rollins filed a petition pursuant to 28 U.S.C. § 2254, alleging, inter alia, that the prosecutor exercised peremptory strikes in violation of Batson v. Kentucky, 476 U.S. 79 (1986), that his attorney was ineffective at the guilt and penalty phases of trial, and that the jury instructions violated Mills v. Maryland, 486 U.S. 367 (1988). The District Court granted habeas relief, finding that Rollins' attorney rendered constitutionally deficient assistance at the penalty phase and that the trial court improperly instructed the jury that it must unanimously agree on mitigating circumstances before it could consider them at sentencing. See Rollins v. Horn, 2005 WL 1806504, at *45 (E.D. Pa. July 26, 2005). As to all other claims, however, the District Court denied relief and declined to issue a certificate of appealability. See id. Rollins filed a motion pursuant to Federal Rule of Civil Procedure 59(e), which the District Court denied. See Rollins v. Horn, 2006 WL 2504307 (E.D. Pa. Aug. 17, 2006).

3

Both Rollins and the Commonwealth timely appealed.[2] We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253. Rollins' petition for a writ of habeas corpus was filed after April 1996 and is therefore subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We granted Rollins' request for certificate of appealability ("COA") with regard to the Batson claim and the allegation that his attorney rendered ineffective assistance at the guilt phase by failing to adequately investigate and present serological evidence and evidence concerning which hand the murderer used to hold the gun.

We will begin by addressing the issues on which we granted a COA because they involve events occurring first in time, at the guilt phase of trial. In Batson, the Supreme Court held that discriminatory use of a peremptory challenge during jury selection violates Equal Protection. Notably, "a timely objection is required to preserve [a Batson] issue on appeal." Abu-Jamal v. Horn, 520 F.3d 272, 284 (3d Cir. 2008), vacated and remanded on other grounds sub nom., Beard v. Abu-Jamal, 130 S. Ct. 1134 (2010). Rollins' attorney failed to make such an objection. Although the prosecutor's allegedly improper use of peremptory strikes was briefly discussed at voir dire, Rollins' attorney never called for a ruling regarding the Batson issue. Accordingly, by failing to "give[] the trial judge an opportunity to promptly consider alleged misconduct during jury selection

---

[2] The Commonwealth's appeal was docketed in this Court at C.A. No. 05-9004. Rollins' cross-appeal was docketed here as C.A. No. 06-9005.

4

and develop a complete record," Rollins has forfeited this claim. Id. at 281-82 (footnotes omitted).

Rollins also alleged that his attorney performed ineffectively at the guilt phase of trial by failing to argue that Rollins' blood type (type O) did not match the blood type evidence collected by the police (type A), and that an eyewitness to the murder told police that the killer held the gun in his left hand while witnesses who saw Rollins fire a gun in a separate shooting incident claimed that he held the gun in his right hand. To prevail, Rollins must demonstrate that his attorney's performance was so deficient that it fell below an objective standard of reasonableness under prevailing professional norms and that the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). It is appropriate to evaluate the prejudice prong first "because it is preferable to avoid passing judgment on counsel's performance when possible." United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

We agree with the District Court that Rollins did not suffer prejudice in light of the significant evidence of his guilt. See Strickland, 466 U.S. at 696 ("a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."). Violeta Cintron, who was present with the victim and the shooter in a small room when the murder occurred, testified that she had seen Rollins on previous occasions (including earlier that day), that she knew him to be a friend of her husband's, and that he was the killer. In addition, Violeta had identified

5

Rollins in a police lineup almost one month after the murder. Likewise, Nilda Cintron, Angel Rivera, and Dalia Cintron, who all saw the perpetrator as he fled from the scene of the shooting, each picked Rollins out of a police lineup and identified him at trial. Furthermore, Dalia was able to identify Rollins from a photo array. Violeta's husband, Jose Carrasquillo, also identified Rollins because he was the only person with whom Carrasquillo swapped cocaine for methamphetamine, which Rollins sought to do just prior to the murder. Carrasquillo picked out Rollins from a photo array, and further testified that after the murder Rollins threatened to harm him if he did not change his testimony and tell Violeta not to testify. Similarly, a witness who had spent time in prison with Rollins testified that Rollins confessed to the murder and indicated that he planned to send people to kill Violeta. Finally, the three witnesses to a separate shooting, where the murder weapon was used, identified Rollins as the shooter. Given this evidence, Rollins has not established a "reasonable probability that, but for counsel's" alleged failure at the guilt phase to adequately investigate and present blood type evidence and evidence concerning which hand the murderer used to hold the gun, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

As to penalty phase ineffectiveness, however, we agree with the District Court that Rollins is entitled to habeas relief. Rollins' attorney performed deficiently by failing to adequately investigate and present evidence of mitigating circumstances. See Taylor v. Horn, 504 F.3d 416, 453 (3d Cir. 2007) (holding that in the penalty phase of a death

6

penalty case "counsel has an 'obligation to conduct a thorough investigation' for mitigating evidence.") (quoting Williams v. Taylor, 529 U.S. 362, 396 (2000)).  In particular, Rollins' attorney did not begin to prepare mitigation evidence until 4:30 p.m. on the day before the penalty proceeding commenced, did not attempt to speak with Rollins' sister who had been present throughout the trial, and did not otherwise seek "[i]nformation concerning [Rollins'] background, education, employment record, mental and emotional stability, family relationships, and the like."  Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009) (citing ABA guidelines that were in effect in 1987); see also Jermyn v. Horn, 266 F.3d 257, 308 (3d Cir. 2001) (holding that counsel's conduct fell below the standards required for reasonable representation where "counsel and his law clerk admitted that they began preparing for the penalty phase the night before it began.").

We also conclude that there is a reasonable probability that the result of the sentencing proceeding would have been different if the jury had heard the evidence that was presented at the PCRA proceeding.  See Bond v. Beard, 539 F.3d 256, 285 (3d Cir. 2008) (noting that prejudice exists if "'there is a reasonable probability that, but for counsel's unprofessional errors . . .' one juror [would have] voted to impose a sentence of life imprisonment rather than the death penalty.") (quoting Strickland, 466 U.S. at 694)). That evidence included accounts of abuse and tragedy in Rollins' childhood, as well as expert opinions about Rollins' mental deficiencies.  See, e.g., Porter v. McCollum, 130 S. Ct. 447, 453 (2009) (holding that counsel was ineffective for failing to uncover and

7

present any evidence of petitioner's mental health or mental impairment, his family background, or his military service); see also Kindler v. Horn, 542 F.3d 70, 83-87 (3d Cir. 2008) (concluding that Strickland standard was satisfied based on affidavits from petitioner's counsel, his parents, his sister, a friend, and a psychologist and a psychiatrist), rev'd on other grounds sub nom., Beard v. Kindler, 130 S. Ct. 612 (2009). Therefore, the state courts' denial of Rollins' penalty phase ineffectiveness claim was an unreasonable application of established federal law, as determined by the Supreme Court.

In sum, we conclude that Rollins was denied effective assistance of counsel during the penalty phase, but find no merit in the remainder of his claims.[3] For these reasons, we will affirm the judgment of the District Court granting Rollins' petition for a conditional writ of habeas corpus and ordering the Commonwealth to either conduct a new sentencing hearing within 180 days or sentence Rollins to life imprisonment.

---

[3] Because we conclude that Rollins' sentence must be vacated due to ineffective assistance of counsel, his Mills claim is moot.