J. S11040/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                     :            PENNSYLVANIA
        v.                 :
                     :
SAHARRIS ROLLINS,         :       No. 2483 EDA 2017
                     :
        Appellant      :

Appeal from the PCRA Order, May 8, 1997,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0405851-1986

BEFORE: SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 08, 2019**

Following reinstatement of his collateral appeal rights ***nunc pro tunc***, Saharris Rollins appeals from the May 8, 1997 order entered in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court that entered the May 8, 1997 order denying appellant PCRA relief set forth the following:

> On January 22, 1986, [appellant] knocked on the door of Jose Carrasquillo and Violeta Clintron's residence for the purpose of obtaining [c]ocaine. Mr. Carrasquillo was not there, but Mrs. Clintron, her brother (Raymond Clintron), and her one year old son were present. Recognizing [appellant] as an associate of her boyfriend, Mrs. Clintron permitted [appellant] to enter the home. After entering, [appellant] asked for a "sixteen" or 1.5 grams of cocaine. When

Mrs. Clintron measured the cocaine, [appellant] asked to trade methamphetamine for the cocaine. Mrs. Clintron refused and demanded cash instead. [Appellant] responded by leaving the residence and returning a few minutes later with a forty-five automatic pistol. Upon returning, [appellant] pointed the weapon at Violeta and demanded the cocaine.

At this point, Raymond Clintron began wrestling with [appellant] in an attempt to seize the weapon. After several shots were fired, Mr. Clintron was wounded and fell to the floor. [Appellant] then picked up the victim and fired at least two more rounds into the victim's body. As a consequence, Violeta surrendered the cocaine and [appellant] left.

[Appellant] was apprehended three days later following another unrelated shooting incident.[Footnote 1] The police picked up [appellant] and transported him to the hospital, where he was identified by witnesses from the first shooting. After the police verified a ballistics match on the spent cartridges from the two crime scenes, [appellant] was arrested and charged with murder.

> [Footnote 1] On January 25, 1986, [appellant] knocked on Richard Campbell's door. Mr. Campbell's younger brother answered the door and called a warning that [appellant] had a gun. Mr. Campbell, who was upstairs, grabbed a loaded shotgun out of the closet. When [appellant] reached the bottom of the stairs, he pointed his forty-five automatic pistol at Mr. Campbell and the two exchanged gunfire. [Appellant] was wounded and fled. A pedestrian observing [appellant] on the sidewalk, called police.

Following a jury trial held between February 10 and March 6, 1987, [appellant] was found guilty of murder in the first degree, robbery and possession of an instrument of crime. After the penalty hearing, the

> jury found two aggravating circumstances, which they concluded outweighed the one mitigating circumstance. On the basis of its findings, the jury sentenced [appellant] to death. On May 11, 1987, the [t]rial [c]ourt heard and denied post trial motions.
>
> Subsequently, [appellant] appealed asserting claims of ineffective assistance of counsel and trial error. On July 15, 1988, the Pennsylvania Supreme Court granted counsel's petition to withdraw, remanded the record to the [t]rial [c]ourt for the appointment of new counsel and permitted new counsel to press the claims. The Supreme Court reviewed the case and affirmed both the conviction and sentence. *Commonwealth v. Rollins*, [] 580 A.2d 744 ([Pa.] 1990).

PCRA court opinion, 9/8/97 at 1-3.

The record reflects that on November 12, 1996, appellant filed the PCRA petition that is the root of this appeal. In that petition, appellant asserted claims of ineffective assistance of counsel, trial court error, and prosecutorial misconduct. On May 8, 1997, the PCRA court denied the petition without holding a hearing. Our supreme court affirmed the order denying appellant's PCRA petition, finding that appellant waived his claims of trial court error and prosecutorial misconduct for failure to raise them on direct appeal and rejecting appellant's ineffective assistance of counsel claims on the merits. *Commonwealth v. Rollins*, 738 A.2d 435 (Pa. 1999).

On March 10, 2000, appellant filed a petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania seeking relief from his death sentence on substantially the same grounds that he raised in his PCRA petition. The district court granted *habeas corpus*

relief with respect to appellant's death sentence after finding that two significant errors occurred during the penalty phase of appellant's criminal trial.[1]  The district court directed that appellant be given a new sentencing hearing or be sentenced to life imprisonment.  ***Rollins v. Horn***, 2005 U.S. Dist. LEXIS 15493, 2005 WL 1806504 (E.D. Pa. 2005).  On July 7, 2010, the United States Court of Appeals for the Third Circuit affirmed.  ***Rollins v. Horn***, 386 Fed. Appx. 267 (3d Cir. 2010).  On June 13, 2012, appellant was resentenced to life without parole on the first-degree murder conviction and concurrent terms totaling 12½ to 25 years of incarceration on the remaining charges.

On August 8, 2016, appellant filed a PCRA petition wherein he claimed relief pursuant to the United States Supreme Court's decision in ***Williams v. Pennsylvania***, 136 S.Ct. 1899 (2016).[2]  In ***Williams***, the Supreme Court of Pennsylvania had vacated an order granting PCRA relief to a prisoner convicted of first-degree murder and sentenced to death.  Then-Chief Justice

---

[1] The district court found that (1) appellant's trial counsel was ineffective in failing to prepare for the penalty phase of the trial until after the jury rendered its verdict; specifically, for failing to investigate potentially mitigating evidence concerning the psychological impact of appellant's abusive childhood; and (2) the trial court presented ambiguous jury instructions with respect to whether aggravating and mitigating circumstances must be found unanimously.  ***Rollins***, 2005 U.S. Dist. LEXIS 15493; 2005 WL 1806504.

[2] Although we have concerns as to whether ***Williams***, ***supra***, can be applied retroactively, as well as concerns as to certain other procedural issues related to this appeal, we will go forward in the interest of justice and judicial economy.

Ronald D. Castille had been the district attorney who had given approval to seek the death penalty in Williams's case. Thereafter, while sitting on the Pennsylvania Supreme Court, then-Chief Justice Castille denied Williams's motion for recusal and participated in the court's decision to deny Williams PCRA relief. On appeal, the United States Supreme Court determined that then-Chief Justice Castille's denial of the recusal motion and his participation in Williams's collateral appeal violated the Due Process Clause of the Fourteenth Amendment. The High Court held that "[w]here a judge has had an earlier significant, personal involvement as a prosecutor in a critical decision in the defendant's case, the risk of actual bias in the judicial proceeding rises to an unconstitutional level" and due process entitles that defendant to a proceeding where he is assured that no member of the court is predisposed to rule against him. *Id.* at 1910.

With respect to appellant's August 8, 2016 PCRA petition, the PCRA court explained that appellant:

> claimed due process violations and judicial improprieties. [Appellant], along with many other separate Philadelphia petitioners, allege [] Chief Justice [Ronald D. Castille] of the Supreme Court of Pennsylvania, during his tenure as Philadelphia District Attorney, was involved in the decision to seek the death penalty against and/or had significant personal involvement in their cases as Philadelphia District Attorney. As such these actions by the then District Attorney Ronald Castille against [appellant], and [p]etitioners' due process rights were violated when the Chief Justice failed to recuse or disqualify himself when their case came before the Supreme Court of Pennsylvania for appellate review.

> Following a hearing on April 24, 2017, this court determined then District Attorney Ronald Castille was significantly and personally involved in [appellant's] case when he authorized his subordinates to seek the death penalty against [appellant]. The court granted the PCRA petition in part and reinstated [appellant's] appellate rights *nunc pro tunc* on May 3, 2017. On May 31, 2017, the Commonwealth of Pennsylvania appealed this court's reinstatement of [appellant's] appellate rights *nunc pro tunc* to the Superior Court.[3] On June 1, 2017, [appellant] also filed a notice of appeal to the Pennsylvania Supreme Court.

PCRA court opinion, 10/19/17 at 1-2.

The record reflects that on August 4, 2017, our supreme court transferred the notice of appeal to this court. (*Per curiam* order, 8/4/17.) On August 28, 2017, this court entered an order directing appellant to show cause within ten days as to "why this appeal should not be quashed as having been taken from a purported order that is not entered upon the appropriate docket of the lower court." (Order, 8/28/17.) Appellant filed a timely response. In that response, appellant explained that although the May 8, 1997 order does not appear on the electronic docket, it was "included on the paper docket that was prepared in November 1997 in connection with the original PCRA appeal." (Appellant's response to order to show cause, 9/7/17

---

[3] The record reflects that on August 30, 2017, appellant filed "an unopposed application for exercise of extraordinary jurisdiction in the Pennsylvania Supreme Court, requesting the Supreme Court to take jurisdiction over the Commonwealth's appeal" of the PCRA order that granted appellant relief. (Appellant's response to order to show cause, 9/7/17 at 3, ¶ 9 and attachment.) On March 5, 2018, the Commonwealth withdrew and discontinued its appeal of the May 3, 2017 order granting appellant PCRA relief.

at 3, ¶ 11.) Appellant further stated that the May 8, 1997 order is referenced in the Pennsylvania Supreme Court docket for the original PCRA appeal. (***Id.***) Appellant also informed this court that on August 31, 2017, he filed a praecipe in the Court of Common Pleas of Philadelphia County to include the May 8, 1997 order in the electronic record. (***Id.*** at ¶ 12.) Also on September 7, 2017, appellant filed with this court an application for correction of record to which he attached a copy of the paper docket sheet of the original PCRA proceeding and a copy of his praecipe requesting that the common pleas court correct the electronic docket. (Appellant's application for correction of record, 9/7/17 at Exhibits E and G.) On September 13, 2017, this court discharged the rule to show cause and referred the appealability issue to the merits panel. On September 13, 2017, appellant filed an application for leave to file a supplement to his response to order to show cause to which he attached a September 7, 2017 order directing the office of judicial records in the Philadelphia Court of Common Pleas to enter the May 8, 1997 order on the appropriate docket. (Appellant's application for leave to file supplement to appellant's response to order to show cause, 9/15/17 at attachment order of court, 9/7/17.) On October 12, 2017, this court directed the trial court to certify and include in the trial court record the May 8, 1997 order. On October 20, 2017, the trial court complied.

On February 15, 2018, the Commonwealth filed an "unopposed motion to stay appeals" wherein it requested that this court enter an order staying

appellant's appeal at this docket, as well as an appeal that the Commonwealth filed at No. 2017 EDA 2478 that challenged the May 3, 2017 order granting appellant PCRA relief. Because the Commonwealth withdrew its appeal at No. 2017 EDA 2478 on March 5, 2018, this court entered an order denying as moot the Commonwealth's motion to stay the appeal at that docket. On January 19, 2018, our supreme court denied appellant's application for exercise of extraordinary relief. (**Per curiam** order, 1/19/18.) Therefore, this appeal is now ripe for our review.

Appellant raises the following issues:

> [1.] Should [appellant] be granted a new trial because defense counsel was ineffective in failing to investigate and present exculpatory evidence?
>
> [2.] Should [appellant] be granted a new trial because of misconduct committed by the prosecutor in his opening statement and closing argument?
>
> [3.] Should [appellant] be granted a new trial because trial counsel ineffectively failed to properly object when the Commonwealth used its peremptory strikes in a racially discriminatory manner?

Appellant's brief at 2.

> This Court's review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error. In order to be eligible for relief under the PCRA, an appellant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa. C.S.[A.]

- 8 -

> § 9543(a)(2) and that the issues he raises have not been previously litigated. An issue will be deemed previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa. C.S.[A.] § 9544(a)(2).

*Commonwealth v. Todaro*, 701 A.2d 1343, 1346 (Pa. 1997) (internal case law citations omitted).

As framed, appellant's first and third issues allege ineffective assistance of trial counsel. Although appellant's second issue is inartfully framed, a reading of appellant's PCRA petition and his appellate brief on this issue reveal that appellant alleges that trial counsel was ineffective for failing to "meaningfully or appropriately object" to the prosecutor's opening and closing remarks and that direct appeal counsel was ineffective for failing to raise this issue on appeal. (Appellant's PCRA petition, 11/12/96 at 41-48; *see also* appellant's brief at 20.) Therefore, all of the issues that appellant raises for our review allege ineffectiveness of counsel.

> The law presumes that trial counsel was effective and appellant bears the burden of proving otherwise. In order to sustain a claim of ineffective assistance of counsel, petitioner must establish (1) that the underlying claim is of arguable merit; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to petitioner's prejudice. Moreover, under the PCRA, counsel's ineffectiveness must have so undermined the truth determining process that no reliable adjudication of guilt or innocence could have occurred. 42 Pa. C.S.[A.] § 9543(a)(2)(ii). Furthermore, counsel's stewardship must be judged under the existing law at the time of trial and counsel cannot be

- 9 -

> deemed ineffective for failing to predict future developments or changes in the law.

*Todaro*, 701 A.2d at 1346 (internal case law citations omitted).

At the outset, we note that in 1987 when appellant's post-verdict motions were filed, the law required criminal defendants to raise ineffective assistance of counsel claims at the earliest stage where counsel whose ineffectiveness was questioned no longer represented the defendant. **See Commonwealth v. Busanet**, 54 A.3d 35, 44 n.4 (Pa. 2012) (explaining application of **Commonwealth v. Hubbard**, 372 A.2d 687 (Pa. 1977), in cases predating **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), wherein our supreme court abrogated the rule in **Hubbard**, holding that a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review."). Here, appellant's post-verdict motions and direct appeal predated our supreme court's decision in **Grant**; consequently, the **Hubbard** rule governs this appeal.

The PCRA court addressed appellant's ineffective assistance of counsel claim for failure to present a mitigation defense during the penalty phase. (PCRA court opinion, 9/8/97 at 3-9.) With respect to the nearly 50 remaining ineffectiveness claims presented in the PCRA petition, the PCRA court determined, without discussion, that they lacked merit. (*Id.* at 13-14.) The PCRA court further found that appellant had waived all of the ineffectiveness claims that it did not address in its September 8, 1997 opinion for failure to raise them on direct appeal. (*Id.* at 14.)

The Commonwealth contends that appellant waived his first and third issues of trial counsel's ineffectiveness for failure to raise them on direct appeal as required by **Hubbard**, **supra.** The Commonwealth further contends that only appellant's second issue of ineffectiveness of trial counsel is cognizable on collateral appeal because appellant couched the claim in terms of direct appeal counsel's ineffectiveness.

In **Commonwealth v. Hutchinson**, 25 A.3d 277 (Pa. 2011), a case where **Hubbard** was also prevailing law when petitioner's direct appeal was decided, our supreme court explained that although prevailing law required petitioner to raise claims of trial counsel's ineffectiveness on direct appeal and the failure to do so resulted in waiver, petitioner could raise appellate counsel's ineffectiveness under the PCRA, including claims of appellate counsel's ineffectiveness for failure to raise trial counsel's ineffectiveness on direct appeal. Our supreme court further explained that to do so, petitioner would be required to present his argument as to each prong of the ineffectiveness test for each layer of the alleged ineffective representation. **Id.** at 286. Accordingly, to raise a claim of direct appeal counsel's ineffectiveness, a petitioner would be required to demonstrate that the underlying claim is of arguable merit; that direct appeal counsel's performance had no reasonable basis; and that direct appeal counsel's ineffectiveness worked to petitioner's prejudice. **Id.** at 285-286.

Here, a review of appellant's PCRA petition demonstrates that appellant failed to satisfy each prong of the ineffectiveness test for each layer of the ineffective representation. Although appellant argues in his petition that his underlying claims have merit, he fails to satisfy the reasonable basis and prejudice prongs with respect to trial counsel's alleged ineffectiveness. With regard to direct appeal counsel's alleged ineffectiveness, appellant includes a boilerplate allegation with respect to his first and third issues that states:

> [t]o the extent appellate counsel failed to assert or adequately preserve any of the claims set forth herein, such counsel rendered ineffective assistance of counsel in violation of [appellant's] rights under the [Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, §§ 9 and 13 of the Pennsylvania Constitution] and [appellant] was prejudiced thereby.

Appellant's PCRA petition, 11/12/96 at 142, ¶ 379. With respect to appellant's second claim and direct appeal counsel's alleged ineffectiveness, appellant merely concludes that "[a]ppellate counsel was ineffective for not raising all instances of misconduct on appeal." (*Id.* at 51, ¶ 179.) In addition to failing to fully satisfy the ineffectiveness test for trial counsel's alleged ineffectiveness, appellant entirely failed to bear his burden of proving that appellate counsel's performance had no reasonable basis and that appellate counsel's ineffectiveness for failing to raise the issues on direct appeal resulted in prejudice.

Nevertheless, with regard to appellant's first issue, we note that in his appellate brief, appellant claims that trial counsel was ineffective for failing to

learn appellant's blood type prior to trial; for stipulating to appellant's blood type at trial; for failing to spend sufficient time arguing that appellant's blood type was not found in a hat that was found near the crime scene; and that based on appellant's blood type and his dominant hand, he could not have been the shooter. (Appellant's brief at 8-17.) Appellant asserts that trial counsel's ineffectiveness in this regard resulted in prejudice because "it would have strongly suggested that appellant was not the shooter at the homicide scene." (*Id.* at 15.) Notwithstanding the deficiencies in appellant's PCRA petition and his failure to properly layer his ineffectiveness allegations, we note that at trial, the Commonwealth presented the testimony of Violeta Clintron who eyewitnessed the murder and identified appellant as the shooter. (Notes of testimony, 2/25/87 at 637-676.)

In his second issue, appellant argues that trial counsel was ineffective for failing to object to that portion of the prosecutor's closing argument that included a hypothetical to explain to the jury why appellant's blood type was not found in the hat that was found near the murder scene. Appellant claims that had trial counsel objected, "the jury would have entertained reasonable doubt." (Appellant's brief at 21.) Notwithstanding the deficiencies in appellant's PCRA petition and his failure to properly layer his ineffectiveness allegations, we note that trial counsel placed three objections on the record during this portion of the prosecution's closing argument. (Notes of testimony, 3/4/87 at 1614, 1621, and 1622.)

In his final issue, appellant claims that even though trial counsel placed objections on the record as to the prosecution's use of peremptory strikes and even though trial counsel unsuccessfully raised the issue in post-verdict motions, trial counsel was nevertheless ineffective because he should have placed more objections to the prosecution's use of preemptory strikes on the record which would have documented a pattern of discrimination. (Appellant's brief at 17-22.) In his PCRA petition, however, appellant claimed that he is entitled to a new trial because the trial court allowed the prosecution to exercise race-based strikes and refused to hold a hearing under **Batson v. Kentucky**, 474 U.S. 942 (1985). (Appellant's PCRA petition, 11/12/96 at 92-94 § 4, ¶¶ 264-269.) In a footnote, appellant noted that "[d]efense counsel objected often enough to apparent race-based peremptories that he should be deemed to have a continuing objection" and that "[t]o the extent defense counsel waived any objection by failing to raise it specifically, he was ineffective." (**Id.** at 93 n.31.) Notwithstanding the deficiencies in appellant's PCRA petition and his failure to properly layer his ineffectiveness allegations, we note that appellant did not raise the issue he now attempts to raise in his PCRA petition, the failure of which would result in waiver. **See** Pa.R.A.P. 302(a) (providing for waiver of issues on appeal that were not raised in the lower court); **Commonwealth v. Paul**, 557 A.2d 357 (Pa.Super. 1989) **appeal denied**, 578 A.2d 927 (Pa. 1990) (reiterating that Rule 302(a) does

not permit an appellate court to consider an issue raised for the first time on appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/19