J-S39043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                              :

              v.                           :
                                              :

LAMARCUS EUGENE DRAYTON      :
                                              :
           Appellant             :      No. 229 MDA 2022

Appeal from the PCRA Order Entered January 12, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002609-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:             **FILED JANUARY 23, 2023**

Appellant Lamarcus Eugene Drayton appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that his trial counsel rendered ineffective assistance by failing to call potential witnesses and for failing to object to written jury instructions given to the jury during its deliberations.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** PCRA Ct. Op. & Order, 1/12/22, at 2-4.  Briefly, Appellant was arrested in 2016 based on allegations that he sexually abused his minor nephew, M.B. On March 15, 2016, the Commonwealth charged Appellant with the following offenses: two counts of involuntary deviate sexual intercourse with a person less than 16 years of age, and one count each of unlawful contact with a

---

[1] 42 Pa.C.S. §§ 9541-9546.

minor—sexual offenses, indecent assault of a person less than 16 years of age, and corruption of minors.[2]

At trial, the Commonwealth presented evidence from M.B. establishing that Appellant had sexually abused M.B. on multiple occasions over the course of several years at different homes in Harrisburg where different members of M.B.'s family resided. Specifically, the jury heard testimony about abuse taking place at houses on 6th Street, 16th Street, Emerald Avenue, Curtin Street, and Peffer Street.

Ultimately, the jury found Appellant guilty on all charges. On August 20, 2018, the trial court imposed an aggregate sentence of ten to twenty years' imprisonment, followed by five years' probation. Appellant filed a timely post-sentence motion, which the trial court denied. On direct appeal, this Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Drayton**, 1742 MDA 2018, 2020 WL 886050 (Pa. Super. filed Feb. 24, 2020) (unpublished mem.). Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On March 24, 2021, Appellant filed a timely, counseled, first PCRA petition. Appellant filed an amended PCRA petition on March 29, 2021. The PCRA court held an evidentiary hearing on August 24, 2021, hearing testimony from Kevin Drayton, Elvira "Denise" Drayton, Anna Carroll, and Appellant's

---

[2] 18 Pa.C.S. §§ 3123(a)(7), 6318(a)(1), 3126(a)(8), and 6301(a)(1)(i), respectively.

- 2 -

trial counsel, Jonathan Crisp, Esq. In an opinion and order entered on January 12, 2022, the PCRA court denied Appellant's PCRA petition.

Appellant filed a timely notice of appeal to this Court on February 7, 2022. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant sets forth the following issues for our review:

1. Did the [PCRA] court err and abuse its discretion in denying Appellant's PCRA [petition] given trial counsel's ineffectiveness for failing to call potential witnesses?

2. Did the [PCRA] court err and abuse its discretion in denying Appellant's PCRA [petition] given trial counsel's ineffectiveness for failing to object to written jury instructions being sent back with the jury during deliberations?

Appellant's Brief at 7 (formatting altered).

In his first issue, Appellant contends that Attorney Crisp was ineffective for failing to call certain fact witnesses to testify on Appellant's behalf. *Id.* at 11. Specifically, Appellant argues that Attorney Crisp should have called Appellant's parents, Kevin Drayton (Mr. Drayton) and Elvira "Denise" Drayton (Mrs. Drayton), and Appellant's older sister, Anna Carroll (Ms. Carroll), as all three witnesses would have provided the jury with potentially exculpatory evidence disputing some of M.B.'s claims and testimony. *Id.* Appellant further claims that Attorney Crisp lacked a reasonable basis to not call these witnesses because their testimony would have "buttress[ed Appellant's] own argument that the allegations were vague and therefore doubtful." *Id.* at 13.

- 3 -

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted); *see also Commonwealth v. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

When reviewing a claim of ineffective assistance of counsel, we are governed by the following standard:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019)

(citations omitted and formatting altered).

When a PCRA petitioner claims counsel was ineffective for failing to call

a witness at trial, the petitioner must plead and prove:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Selenski*, 228 A.3d 8, 16 (Pa. Super. 2020) (citation

omitted and formatting altered). If a petitioner establishes the elements set

forth in *Selenski*, he or she must still prove by a preponderance of the

evidence that counsel lacked a reasonable basis for failing to call the witnesses

at issue. *Commonwealth v. Small*, 980 A.2d 549, 560 (Pa. 2009). "If we

conclude that the particular course chosen by counsel had some reasonable

basis, our inquiry ceases and counsel's assistance is deemed effective."

*Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa. Super. 2017) (quoting *Commonwealth v. Pierce*, 645 A.2d 189, 194-95 (Pa. 1994)).

Here, at the PCRA hearing, Appellant presented testimony from Mr. Drayton, Mrs. Drayton, Ms. Carroll, and Attorney Crisp. Mr. Drayton stated that although he was available to testify on Appellant's behalf, Attorney Crisp had directed him to remain outside the courtroom during trial. N.T. PCRA Hr'g, 8/24/21, at 8. Mr. Drayton further testified that he met with Attorney Crisp prior to trial and discussed, among other things, the layout of his house on 6th Street in Harrisburg. *Id.* at 14. During cross-examination, Mr. Drayton admitted that he never provided law enforcement authorities with any exculpatory information. *Id.* at 16. When asked if he spent twenty-four hours a day, seven days a week with Appellant, Mr. Drayton testified that he would spend "whole evenings" with Appellant until he graduated from high school. *Id.* at 16-17. Mr. Drayton further stated that he kept Appellant involved in sports and that he "spent a lot of [] time with him." *Id.* at 17.

The PCRA court next heard testimony from Mrs. Drayton, who stated that the allegations of abuse against Appellant were not possible because he and M.B. were never in Mrs. Drayton's home at the same time. *Id.* at 22. On cross-examination, Mrs. Drayton admitted that she never reported that information to authorities. *Id.* at 23. Mrs. Drayton further admitted that she was not with Appellant at all times as he was growing up. *Id.*

The PCRA court also heard testimony from Appellant's older sister, Ms. Carroll. *Id.* at 24. Ms. Carroll is also the victim's aunt. *Id.* at 26. Ms. Carroll

testified that she lived on 19th Street from 2008 until 2014. *Id.* at 27. Ms. Carroll further testified that she did not witness any abuse by Appellant. *Id.* at 28. On cross-examination, Ms. Carroll admitted to not telling law enforcement authorities that the allegations against Appellant were untrue and she further conceded that she was not with Appellant twenty-four hours a day, seven days a week. *Id.* at 29-30.

Finally, the PCRA court heard testimony from Attorney Crisp. Attorney Crisp is a criminal defense attorney with twenty-two years' experience, which includes involvement in approximately fifty to sixty cases involving sexually based offenses against children. *Id.* at 32, 36-37. During his testimony, Attorney Crisp described his overall trial strategy as follows:

> So my overarching strategy was to attack the imprecision in M.B.'s testimony. He changed his story in terms of how things took place, he changed his story in terms of number of times that these things happened, he couldn't give any specificity as to when, and couldn't give specificity as to who.
>
> So it was a very vague, broad-brush allegation, in my opinion, and my intent was to attack the vagueness of when, where, and how, and so on and so forth.

*Id.* at 33. Attorney Crisp addressed M.B.'s recantation and explained:

> I certainly thought that M.B.'s recantation was strong. I didn't put on the mother or the father, Mr. [Drayton] or Mrs. Drayton, because they couldn't speak to every single moment in the home and I thought that would be a distraction and I didn't think that would be relevant, because then the cross, as I would see the government coming after them, would have simply been, you can't say you were there 24 hours a day, and I didn't want it to look like a [H]ail [Mary] desperation pass from the family to come in and say that.

So I was trying to just keep it strictly to credibility at the time –

*Id.* at 36.

With regard to his decision to not call Ms. Carroll as a witness, Attorney

Crisp testified as follows:

Again, I don't believe M.B. ever said that [Ms. Carroll] was present when these allegations took place.  So if M.B. is not saying she was there in the home at that time, that would make it sort of irrelevant and not specific to the issue.

And one of those issues – one of the incredible aspects, in my opinion, of M.B.'s testimony is this took place while a portion of the family was down in South Carolina, and so that would have obviously placed the family outside the home and outside the state.

So the fact that [a portion of the family was] not there at that point in time would have mooted any testimony as to whether they think it happened during that time period.

*Id.* at 38.

In its opinion, the PCRA court addressed Appellant's claim as follows:

[Appellant] claims that his trial counsel, Jonathan Crisp, Esquire, was ineffective for failing to call [Mr. Drayton, Mrs. Drayton, and Ms. Carroll] as defense witnesses to establish that [Appellant] did not have the opportunity to commit the alleged offenses.  We find that this claim lacks merit.

As Attorney Crisp explained in his testimony at the PCRA hearing, he chose to build his trial strategy around various inconsistencies, recantations, and lack of specificity in the alleged victim's statements in an effort to attack the victim's credibility. Considering this strategy, Attorney Crisp believed that the testimony of [Mr. Drayton, Mrs. Drayton, and Ms. Carroll] would not add anything of benefit to [Appellant's] defense and would serve as a distraction to the defense's efforts to discount the victim's credibility, and, therefore, Attorney Crisp chose not to call

them to testify. We find that Attorney Crisp had an entirely reasonable basis for this decision.

To the extent the victim was unable to provide specific dates for any of the alleged assaults, it would be impossible for [Mr. Drayton, Mrs. Drayton, and Ms. Carroll] to serve as alibi witnesses, or "lack of opportunity" witnesses. Because they obviously were not with [Appellant] every waking moment of his life, it would be impossible for them, without specific date references, to testify that [Appellant] was not with the victim at the time the alleged incidents occurred, and the Commonwealth almost certainly would have emphasized this when cross-examining the witnesses. If the victim had provided specific incident dates, then perhaps [Appellant's] relatives could have provided specific alibis for those dates, but given the lack of specific dates, it would have been reasonable for Attorney Crisp to believe that the purported testimony would have been largely irrelevant and ineffective to [Appellant's] defense in this matter. Consequently, [Appellant] cannot establish that calling [Mr. Drayton, Mrs. Drayton, and Ms. Carroll] as witnesses offered a potential for success substantially greater than the course pursued, and, therefore, trial counsel did not render ineffective assistance by failing to call them. In the same vein, for the reasons set forth above, [Appellant] also has failed to establish that he was prejudiced by counsel's decision not to call [Mr. Drayton, Mrs. Drayton, and Ms. Carroll] as defense witnesses.

PCRA Ct. Op. & Order at 9-10.

Based on our review of the record, we agree with the PCRA court's conclusions. *See Sandusky*, 203 A.3d at 1043-44. The record reflects that Attorney Crisp had a reasonable basis for declining to call Mr. Drayton, Mrs. Drayton, and Ms. Carroll as witnesses at trial. As noted by the PCRA court, the Commonwealth did not argue that the abuse at issue took place at a specific date, time, and place. Rather, M.B. testified that he was abused at multiple locations over a period of approximately five to six years. N.T. Trial, 5/9/18, at 76, 83, 88, 96. At the PCRA hearing, Attorney Crisp explained that

- 9 -

because the Commonwealth did not argue that the abuse occurred on a specific date, that had the potential to render the testimony of Mr. Drayton, Mrs. Drayton, and Ms. Carroll irrelevant. *See* N.T. PCRA Hr'g., 8/24/21, at 41. Accordingly, because Appellant failed to prove by a preponderance of the evidence that Attorney Crisp had no reasonable basis for failing to call those witnesses at trial, the PCRA court did not err when it denied his ineffective assistance of counsel claim. *See Smith*, 167 A.3d at 788.

In his second issue, Appellant argues that Attorney Crisp was ineffective for failing to object when the trial court provided the jury with written instructions during deliberations. Appellant's Brief at 14. Specifically, Appellant claims that "at least two, if not more, prohibited jury instructions were sent to the jury" which included "at the very least, the jury instructions for 'reasonable doubt' and 'presumption of innocence[.]'" *Id.* Appellant argues that because Pa.R.Crim.P. 646 prohibits the court from providing written instructions to the jury, this constitutes reversible error which entitles Appellant to a new trial. *Id.* at 16.

Rule 646 of the Pennsylvania Rules of Criminal Procedure states that a jury is permitted to "have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed." Pa.R.Crim.P. 646(B). However, a jury is not permitted to have any other written jury instructions in its possession during deliberations. Pa.R.Crim.P. 646(C)(4).

- 10 -

This Court has explained:

The underlying reason for excluding certain items from the jury's deliberations is to prevent placing undue emphasis or credibility on the material, and de-emphasizing or discrediting other items not in the room with the jury. If there is a likelihood the importance of the evidence will be skewed, prejudice may be found; if not, there is no prejudice *per se* and the error is harmless.

Therefore, should we find that the trial court erred, such error does not constitute prejudice *per se*. "This inquiry requires us to determine whether providing the [item] to the jury was prejudicial: 'If there is a likelihood the importance of the evidence will be skewed, prejudice may be found; if not, there is no prejudice *per se* and the error is harmless.'"

*Commonwealth v. Johnson*, 241 A.3d 398, 403-04 (Pa. Super. 2020) (citations omitted and some formatting altered).

In his brief, Appellant relies on our Supreme Court's decision in *Commonwealth v. Karaffa*, 709 A.2d 887 (Pa. 1998). *See* Appellant's Brief at 16. In *Karaffa*, our Supreme Court considered whether the trial court erred when it permitted a jury to have written jury instructions on one of the offenses charged, as well as a written instruction regarding reasonable doubt during its deliberation. *Karaffa*, 709 A.2d at 888. The Court, citing its precedent in *Commonwealth v. Oleynik*, 568 A.2d 1238 (Pa. 1990), held that sending written jury instructions with a jury for use during deliberations constituted reversible error. *Karaffa*, 709 A.2d at 888. The Supreme Court further held that in an ineffective assistance of counsel analysis, there is an "inherent prejudice" in sending written instructions with a jury for use during deliberations. *Id.* at 890; *see also Commonwealth v. Young*, 767 A.2d

- 11 -

1072, 1076 (Pa. Super. 2001) (discussing **Karaffa** and concluding that, "[b]oth written jury instructions and written confessions are prohibited . . . from going out with the jury during deliberations" and stating that "[b]oth types of items should be treated in like manner, as inherently prejudicial if the rule has been violated, requiring a vacation of the judgment of sentence, regardless of whether the counsel performed otherwise effectively").

At the time that **Karaffa** and **Young** were decided, the Rules of Criminal Procedure did not permit any written material to be in the jury's possession when it deliberated aside from "such exhibits as the trial judge deems proper," with any transcripts of trial testimony, a written copy of a confession by the defendant, or a copy of the bill of information being specifically prohibited from being in a jury's possession during deliberations. Pa.R.Crim.P. 1114 (renumbered to Rule 646, April 1, 2001). In 2010, our Supreme Court amended Rule 646 to permit trial judges to send written copies of the court's charge with a jury including the elements of the offense at issue, lesser included offenses, and the elements of defenses set forth, if applicable. **See** Pa.R.Crim.P. 646(B). As noted above, Rule 646 prohibits a jury from having any other written instruction in its possession as it deliberates. **See** Pa.R.Crim.P. 646(C)(4).

In **Commonwealth v. Postie**, 200 A.3d 1015 (Pa. Super. 2018), an *en banc* panel of this Court addressed whether counsel was *per se* ineffective for failing to object to a violation of Rule 646. In **Postie**, the defendant argued that the trial court violated Rule 646(C)(4) by permitting a copy of the

defendant's written statement to go back with the jury during its deliberations. *Id.* at 1027-28; *see also* Pa.R.Crim.P. 646(C)(2). On appeal, this Court concluded that even if the trial court violated Rule 646, "counsel's trial strategy to allow [the defendant's] written statement to go out with the jury during deliberations simply does not fall into one of the limited *per se* categories subject to presumed prejudice." *Postie*, 200 A.3d at 1030 (citation omitted). In reaching that conclusion, the *Postie* Court expressly rejected the proposition that there was a "*per se* ineffectiveness standard for a violation of Rule 646(C) . . . as our courts have presumed prejudice in only the rarest of circumstances." *Id.* (citation omitted). Therefore, because the defendant's counsel had a reasonable basis for allowing the statement to be provided to the jury, the *Postie* Court concluded that the defendant was not entitled to relief. *Id.* at 1030-31.

In the instant case, the PCRA court addressed Appellant's ineffectiveness claim as follows:

> As PCRA counsel conceded during his argument at the PCRA hearing, [Appellant] is unable to specify any specific deficiencies regarding the jury instructions, nor is he able to identify any specific objectionable written jury instructions that were sent to the jury. Therefore, [Appellant's] claims that he suffered reversible error because certain inappropriate written jury instructions were sent to the jury are merely speculative, and he has not satisfied his burden of establishing that he was prejudiced by the jury instructions. It thus follows that [Appellant's] claims of trial counsel ineffectiveness, as it pertains to the failure to object to the written jury instructions, is meritless as well.

PCRA Ct. Op. & Order at 8-9.

- 13 -

Following our review of the record, it is clear that the trial court allowed the jury to review written instructions for reasonable doubt and the presumption of innocence during deliberations. *See* N.T. Trial, 5/9/18, at 228. Rule 646 clearly precludes the jury from considering such materials during deliberations. Therefore, because the trial court violated Rule 646, we conclude that Appellant's claim has arguable merit. *See* Pa.R.Crim.P. 646(C)(4).

As noted previously, Appellant appears to argue that Attorney Crisp's failure to object to the Rule 646 violation constitutes *per se* ineffective assistance of counsel. Appellant's Brief at 16. However, as noted by the *Postie* Court, *per se* ineffectiveness claims are limited to select extraordinary circumstances. *Postie*, 200 A.3d at 1030. Indeed, our Supreme Court has limited ineffective assistance of counsel *per se* to the following situations: complete denial of counsel, be it actual or constructive; state interference with the assistance of counsel; defense counsel failing to subject the Commonwealth's case to meaningful adversarial testing; or whether counsel's representation is affected by a conflict of interests. *Commonwealth v. Rosado*, 150 A.3d 425, 430 n.7 (Pa. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 691-93 (1984); *United States v. Cronic*, 466 U.S. 648, 658-62 (1984); *Bell v. Cone*, 535 U.S. 685, 695-96 (2002)).

Based on the changes to the Rules of Criminal Procedure since our Supreme Court announced its decision in *Karaffa* and the definition of ineffective assistance of counsel *per se* set forth in *Rosado*, we find that

sending written instructions for presumption of innocence and reasonable doubt with the jury for its use during deliberations does not rise to the level of ineffective assistance of counsel *per se*. Accordingly, Appellant is required to prove that there was no reasonable basis for counsel's action or inaction and that he was prejudiced as a result of counsel's error. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015); ***Sandusky***, 203 A.3d at 1043-44; ***see also Commonwealth v. Brown***, 18 A.3d 1147, 1154 (Pa. Super. 2011).

At no point in either his amended PCRA petition or in his brief to this Court did Appellant reference or provide discussion regarding whether trial counsel had a reasonable basis for failing to object to the trial court providing written jury instructions. ***See*** Appellant's Am. PCRA Pet., 3/29/21; Appellant's Brief at 14-16. Because Appellant failed to establish the reasonable basis prong, his claim fails. ***See Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010) (reiterating that the failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2023